UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD MUEHLEMANN, et al.,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO SANTILLAN, et al.,<br><br>Defendants. | Case No.  1:23-cv-00727-ADA-EPG<br><br>ORDER (1) REQUIRING EACH PLAINTIFF TO SUBMIT AN IFP APPLICATION AND (2) DIRECTING THE CLERK OF COURT TO SEND PLAINTIFFS A CIVIL COMPLAINT FORM<br><br>(ECF No. 2) |

Plaintiffs Michael Edward Muehlemann and Lavonda Louise Ireland, proceeding *pro se*, filed this lawsuit on May 11, 2023. (ECF No. 1). On the same day, Plaintiffs filed an application to proceed *in forma pauperis* (IFP). (ECF No. 2). Because there are two main deficiencies with the IFP application, the Court will direct each Plaintiff to file a new and separate application.

First, while the application appears to be signed by both Plaintiffs, it only contains Plaintiff Muehlemann's financial information. (ECF No. 2). Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). Without knowing each Plaintiff's financial circumstances, the Court cannot conclude that they are unable to pay the $402 filing fee for this case. Accordingly, the Court will

require each Plaintiff to file a separate application containing only the individual Plaintiff's financial information. *See Remmert v. Newsome*, No. 1:23-CV-00050-ADA-HBK, 2023 WL 1806277, at *2 (E.D. Cal. Jan. 31, 2023) (requiring each Plaintiff to submit their own separate application if they wished to proceed IFP).

Second, the IFP application, which only contains Plaintiff Muehlemann's financial information, appears to conflict with an IFP application that Plaintiff Muehlemann filed the same day in a separate case, 1:23-cv-00725-JLT-BAM. (*Compare* ECF No. 2 of the instant case, *with* ECF No. 2 of 1:23-cv-00725-JLT-BAM). In both applications, Plaintiff Muehlemann represents that he receives about $1,252 per month. However, in 1:23-cv-00725-JLT-BAM, Plaintiff Muehlemann wrote "does not apply" when asked to name any dependents, while in this case, he listed Plaintiff Ireland as his dependent and claims that he provides the entirety of his approximately $1,252 per month for her support. (Capitalization altered). Because "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty," the Court will direct Plaintiff Muehlemann to file a new application ensuring that it contains accurate, truthful, and complete information about his financial circumstances. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). If Plaintiff Muehlemann continues to claim Plaintiff Ireland as a dependent, he must specify his relationship with her and explain why he claimed no dependent on his other IFP application.

Before concluding, the Court notes a potential issue with Plaintiffs' complaint. Notably, while Plaintiffs sue two Defendants—Fernando Santillan (the City Manager of Selma, California) and Adventist Health Hanford Hospital—they appear to only include allegations as to Defendant Santillan, indicating that this Defendant "failed to protect" Selma's citizens. (*See* ECF No. 1, p. 5-6) (capitalization altered). Moreover, in other portions of the complaint asking about the Defendants in the case, they only list Defendant Santillan. (*Id.* at 1, 4-5; ECF No. 1-1, p. 1). This is particularly notable because Plaintiffs filed a separate complaint the same day in 1:23-cv-00728-JLT-EPG against Adventist Health Hanford Hospital, alleging that Plaintiff Ireland was assaulted by a nurse at the Hospital.

This leads the Court to believe that, in drafting the two lawsuits, Plaintiffs may have mistakenly listed Defendant Adventist Health Hanford Hospital as a defendant in the instant case, when they only intended to bring allegations against this Defendant in their separate lawsuit, 1:23-cv-00728-JLT-EPG. However, if Plaintiffs do mean to sue both Fernando Santillan and Adventist Health Hanford Hospital in this case, they are advised that the claims must be related or the Court may end up dismissing unrelated claims. *See* Fed. R. Civ. P. 20(a)(2) and 21. The Court advises Plaintiffs that they may file an amended complaint, *see* Fed. R. Civ. P. 15(a)(1), clarifying the intended Defendants in this case as well as the factual allegations against each Defendant.

For the reasons given above, IT IS ORDERED that:

1. The Clerk of Court is directed to mail each Plaintiff a form IFP application. (Form AO 240).

2. Each Plaintiff shall fill out a separate IFP application, accurately, truthfully, and completely answering all questions, and shall file the form by no later than June 12, 2023. Alternatively, Plaintiffs may pay the $402 filing fee to proceed with this case.

3. The Clerk of Court is directed to mail Plaintiffs a form complaint for a civil case. (Form *Pro Se* 1).

4. By no later than June 12, 2023, Plaintiffs may choose to file an amended complaint, in compliance with Rule 15, clarifying the Defendants and factual allegations in this case. If they choose to do so, they are advised that the amended complaint will supersede (*i.e.*, replace) their current complaint in its entirety. Accordingly, the amended complaint must be complete in itself without reference to their current complaint. Local Rule 220. If an amended complaint is not received by June 12, 2023, and Plaintiffs are granted permission to proceed IFP, the Court will screen the current complaint in due course.

\\\
\\\
\\\
\\\
\\\

3

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **May 12, 2023**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE